IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

KATHY SUE EDWARDS,                          CIVIL ACTION
                                            CASE NO.:
    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW KATHY SUE EDWARDS** (hereinafter sometimes referred to as "EDWARDS", "Ms. Edwards" or "Plaintiff") and files this Complaint for Personal Injuries against Defendant WAL-MART STORES EAST, LP (hereinafter sometimes referred to as "WAL-MART") and shows this Court the following:

1. Plaintiff is a resident of the State of Florida and is entitled to bring this action.

2. Defendant WAL-MART STORES EAST, LP (hereinafter "WAL-MART") is a Foreign Profit Corporation, lawfully doing business in Florida and having, as its principal place of business, an address located at 702 SW 8th Street, Bentonville, Arkansas 72716.

3. Defendant WAL-MART has, as its Registered Agent in Florida, C T

Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

4. Defendant WAL-MART can be properly served in this action by delivering an original Summons and Complaint to C T Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

5. At all times relevant hereto, Defendant WAL-MART was the owner, operator and/or in control of the Premises located at 501 N. Navy Blvd., Pensacola, Florida 32507 (hereinafter sometimes the "N. Navy Blvd. Walmart") and was responsible for:

   (a)  properly maintaining the Premises including the servicing and maintenance of the fire extinguishers at the N. Navy Blvd. Walmart store; and

   (b)  properly supervising those persons servicing and maintaining the fire extinguishers at the N. Navy Blvd. Walmart store.

6. By virtue of the facts and allegations aforesaid, pursuant to 28 U.S.C. § 1332, jurisdiction and venue are proper in this court.

## GENERAL ALLEGATIONS

7. On December 6, 2020 at approximately 5:20 p.m., Plaintiff Kathy Sue Edwards entered the N. Navy Blvd. Walmart (sometimes also hereinafter referred to as the "Premises").

8. At all times relevant hereto Ms. Edwards was an invitee to the Premises.

9. At all times relevant hereto Ms. Edwards was exercising reasonable care for her own safety.

10. Ms. Edwards, walking in the pharmacy area in the antibiotic aisle of the 501 N. Navy Blvd. Walmart, stopped to look at an antibiotic cream.

11. As Ms. Edwards looked at the various selections in the antibiotic aisle, a negligently installed and/or secured fire extinguisher fell from its improper bracket and onto Ms. Edwards' left foot.

12. At no time did Ms. Edwards hit, bump, or come into contact with the fire extinguisher at issue in this lawsuit or its bracket.

13. The dangerous condition described above was the proximate cause of the injury-producing event.

## COUNT ONE:
## NEGLIGENCE

14. Paragraphs 1 through 13 are incorporated by reference as though fully and completely set forth.

15. At all times relevant hereto, Defendant WAL-MART managed, operated and exercised control over the Premises.

16. At all times relevant hereto, Defendant WAL-MART exercised control over the area where the fire extinguisher at issue was located.

17. At all times relevant hereto, Defendant WAL-MART had a duty to

exercise ordinary care to keep the Premises at issue, and more specifically, Aisle 18 and the fire extinguisher at issue in this lawsuit and its bracket(s) and mounting device(s) to secure the fire extinguisher safe for invitees and others lawfully on the property.

18. The negligently secured fire extinguisher at issue was a dangerous condition known, or which reasonably should have been known to the Defendant.

19. Defendant WAL-MART breached its duty to the Plaintiff and other invitees to the Premises by failing to take reasonable actions and/or precautions to not create, or in the alternative to correct, the known dangerous condition, or in the alternative, the condition which should have been known to the Defendant(s), which breach resulted in and proximately caused the injuries suffered by the Plaintiff.

20. Defendant WAL-MART breached its duty to the Plaintiff by failing to take reasonable actions and/or precautions to properly train and/or supervise its employees, or in the alternative, its contractors, who were assigned to properly install or maintain the fire extinguisher at issue in this lawsuit.

21. The negligence of Defendant WAL-MART in failing to inspect, properly install, repair, and/or maintain the fire extinguisher and bracket at issue, and to otherwise keep the Premises safe for invitees, including but not

limited to the Plaintiff, was the proximate cause of the incident resulting in the injuries to the Plaintiff.

## COUNT TWO:
## NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION

22. Paragraphs 1 through 24 are incorporated herein by reference as though fully and completely set forth.

23. At all times relevant hereto, Defendant WAL-MART had a duty to exercise reasonable care in the hiring, training and/or supervision of employees and contractors under their control.

24. At all times relevant hereto, Defendant WAL-MART breached, failed and/or were negligent in carrying out its/their duty to exercise reasonable care in the hiring, training and/or supervision of employees and contractors.

25. At all times relevant hereto, Defendant WAL-MART, prior to the injury-producing event described above, knew or should have known, that the individual(s) servicing and/or mounting and/or maintaining and/or securing the fire extinguishers at the N. Navy Blvd. Walmart were doing so, or in the alternative had done so, improperly.

## COUNT THREE:
## PUNITIVE DAMAGES

26. Paragraphs 1 through 25 are incorporated by reference as though fully and completely set forth above.

27. The actions, inactions and conduct of Defendant WAL-MART as set forth above and to be more fully described and demonstrated at trial, was willful, totally without justification and with a conscious indifference to consequences.

28. The actions, inactions and conduct of Defendant WAL-MART as set forth above and to be more fully described and demonstrated at trial, entitles the Plaintiff to exemplary and punitive damages in an amount to be determined at trial, but in an amount of not less than $250,000.00, to deter Defendant WAL-MART from such wrongful conduct in the future.

## DAMAGES

29. Paragraphs 1 through 25 are incorporated by reference as though fully and completely set forth above.

30. As a direct and proximate result and as a consequence of the negligence of Defendant WAL-MART, Plaintiff Kathy Sue Edwards has incurred significant medical expenses to date.

31. As a consequence of the negligence described above and to be shown with additional clarity at trial, Plaintiff will likely incur additional medical

expenses, which future medical expenses Plaintiff will prove with certainty at trial and for which Plaintiff is entitled to recover.

32. As a direct and proximate result of the injury incurred by the improperly and negligently secured fire extinguisher at issue in this lawsuit, Plaintiff experienced and suffered immediate and excruciating physical pain and subsequent physical and emotional pain from which she still suffers and for which she is entitled to recover.

33. As a direct and proximate result of the injury incurred by the improperly and negligently secured fire extinguisher at issue in this lawsuit, Plaintiff will likely continue to suffer physical and emotional pain into the future, for which Plaintiff is entitled to recover.

34. As a direct and proximate result of the negligence described above, Plaintiff has incurred an as-yet to be determined partial, or permanent-partial or long-term impairment or disability for which she is entitled to recover.

35. As a direct and proximate result of the negligence described above, Plaintiff anticipates she will experience future lost wages, or in the alternative, a diminished capacity to earn, for which, if established at trial, Plaintiff is entitled to recover.

**WHEREFORE,** having set forth her claims against Defendant WAL-MART, Plaintiff prays:

1. for Judgment in favor of Plaintiff against Defendant WAL-MART for compensatory (special) damages proven at trial including past, present and future medical bills; and

2. for Judgment in favor of Plaintiff against Defendant WAL-MART for general damages for past, present and future mental and physical pain and suffering incurred as a direct and proximate result of the injuries she incurred;

3. for Judgment in favor of Plaintiff against Defendant WAL-MART for lost present and/or future wages and/or a diminished capacity to earn;

4. for Judgment in favor of Plaintiff in a total amount of not less than $75,000.00;

5. for TRIAL BY JURY; and

6. for such other and further relief as the Court deems just and proper.

DATED this 16th day of July, 2021.

                                    THE HAGGARD LAW FIRM, P.A.
                                    Attorneys for Plaintiff
                                    330 Alhambra Circle, First Floor
                                    Coral Gables, Florida 33134
                                    Phone: 305-446-5700
                                    Fax: 305-446-1154

                                  By: */s/ Michael A. Haggard, Esq.*
                                       MICHAEL A. HAGGARD, ESQ.
                                       FL. Bar No. 073776
                                       MAH@haggardlawfirm.com
                                       AUrrutia@haggardlawfirm.com